## Justice *versus* Tallman.

1. A parol promise to pay the debt of another, out of funds transferred to
the promissor, is not within the Statute of Frauds.
2. In such case the creditor, though not present, is the party to be bene-
fited, and becomes the owner of the fund thus impressed with a trust for
him and can sue for it.

January 22d 1878.    Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia
county :* Of July Term 1877, No. 97.

Assumpsit by E. G. Stones and A. G. Tallman, trading as E. G.
Stones & Co., against Philip S. Justice.    Stones having died, the
case proceeded in the name of Tallman alone.    The action was to
recover on an alleged promise of the defendant to pay the debt of
Philip Wilson.    It appeared that the latter, in 1867, owed Stones
& Co. $1662.33, and was at the same time indebted to Justice in
the sum of $23,000.    Wilson testified that Stones & Co. pressed
their claim for settlement, and he then made a transfer of his pro-
perty to Justice, with the understanding that the latter would pay
this claim.    His testimony in regard to this alleged agreement was :
" My indebtedness being very large to Mr. Justice, he naturally
wanted to get all he could of his claim.    Before handing him cer-
tain notes which I had received from Mr. Westcott, I stated to him
my indebtedness to Mr. Stones, and I understood him to say that
he would see that matter settled."    And again ; " I placed the whole
of the assets received from Gideon. G. Westcott, viz., house and lot
in West Philadelphia, and notes above mentioned, in the hands of
Mr. Philip S. Justice, the defendant, with the understanding, as I
suppose, that this indebtedness would be paid."

Justice testified that Wilson having owed him the above-named
sum for some time, he demanded payment, and Wilson made the
transfer of the property mentioned.    He denied positively that
there was any agreement or understanding that he should pay the
claim of Stones & Co.

[Justice *v.* Tallman.]

Stones & Co. were not present when the alleged promise was made, and subsequently demanded and received from Wilson promissory notes for the amount of his debt.

Defendant submitted the following points, which the court refused :—

2. The alleged promise, even if the jury believe such a promise to have been made, is a special promise by one man to answer for the debt of another, and unless the jury shall find from the evidence that the promise, or some memorandum of it in writing, signed by the defendant, or by some one authorized by him, their verdict must be for the defendant.

3. The evidence in this case shows that neither the alleged promise nor any memorandum of it is in writing, signed by the defendant or by any person by him authorized, and therefore, even if the jury believe, from the testimony, that such a promise was made, it is within the provisions of the Act of Assembly of April 26th 1855, 1 Purd. Dig. 724, sect. 4, and the plaintiff cannot recover.

4. The alleged contract between Wilson and defendant is void as to Wilson's creditors, unless said creditors, as part of the arrangement, surrendered or gave up their original claims against Wilson and accepted the new contract with defendant in their stead, and as the evidence in this case is that plaintiffs not only did not surrender their claim against Wilson, but that nearly a month after the alleged promise of defendant accepted and received notes from Wilson for said claim, the said alleged promise is void as to them, and they cannot recover in this suit.

The verdict was for the plaintiff, and defendant, after judgment thereon, took this writ, assigning for error the refusal of his points.

*R. P. White* and *A. S. Letchworth*, for plaintiff in error.—This case is in all essential particulars like that of Shoemaker *v.* King, 4 Wright 107, in which it was held that such a promise as is here alleged was within the prohibition of the Statute of Frauds. A parol promise to pay the debt of another is within the statute, where it is collateral to a continued liability of the original debtor : Maule *v.* Bucknell *et al.*, 14 Wright 39 ; Townsend *v.* Long, 27 P. F. Smith 143.

In this case, the old original debt of Wilson to Stones not only remained, but was expressly confirmed between those parties by Wilson giving to Stones his notes at one and two years for it, nearly a month after the making of the alleged promise by Justice.

*Thomas J. Diehl*, for defendant in error.—The verdict of the jury establishes the fact that Justice promised Wilson, when he obtained the promissory notes and the house, that he would pay Stones & Co. the debt that Wilson owed them. This agreement

[Justice v. Tallman.]

gave him at once the absolute ownership and possession of all the assets of Wilson; and it brings his undertaking clearly within the excepted cases, in which it has been held that the statute, under the cover of which the defendant seeks to shelter himself, does not apply.

Such an undertaking as was assumed by Justice in this case has been held to be not a contract of suretyship, so as to come within the Statute of Frauds, but a direct engagement as an agent or trustee to apply in a particular direction the funds which came into his hands; in other words, it is the means adopted by a debtor to pay his own debts—an administration of his own estate by the hands of another. Therefore the case is excepted from the statute: Taylor v. Preston, 29 P. F. Smith 436; Clymer v. De Young, 4 Id. 118; Jack v. Morrison, 12 Wright 113; Maule v. Bucknell, 14 Id. 52; Jepherson v. Hunt, 2 Allen 423; Stout v. Hine, 9 Wright 30; Arnold v. Steadman, Id. 186; Malone v. Keener, 8 Id. 107; Browne on Statute of Frauds, 3d ed., sect. 187, p. 219, note; Birkmyer v. Darnell, 1 Smith L. C., 7th Amer. ed., p. 490, note.

The judgment of the Supreme Court was entered, January 28th 1878,

PER CURIAM.—No question was raised in the court below upon the sufficiency of the evidence to establish the promise relied on to pay the plaintiff out of the funds lodged by his debtor in the hands of the defendant. The jury having found the promise or undertaking of Mr. Justice to Philip Wilson to pay E. G. Stones & Co. their debt out of the funds then placed by Wilson in the hands of Justice, the case falls within the class known as the exceptions to the Statute of Frauds, and the promise is not simply to pay the debt of another, but to hand over funds appropriated by the debtor himself to the creditor for whose use he deposits them. In such case the creditor, though not present, is the party to be benefited, and becomes the owner of the fund thus impressed with a trust for him and can sue for it: Townsend v. Long, 27 P. F. Smith 143.

                                    Judgment affirmed.