## Howarth et al., Appellants, *v.* McClure.

*Trustee—Treasurer—Promise to pay—Individual liability.*

A treasurer and representative of a church who, as such, promises to pay an amount due to a subcontractor under a contractor with the church for certain work on the church building, cannot be sued individually on his promise.

Argued Feb. 10, 1892. Appeal, No. 242, Jan T., 1892, by plaintiffs, Robert Howarth et al., trading as Robert Howarth & Sons, from judgment of C. P. Delaware Co., Dec. T., 1890, No. 75, on verdict for defendant, John McClure. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on appeal by defendant from judgment of the recorder of the city of Chester, to recover the amount of a certain order on defendant.

On the trial, it appeared that plaintiffs were subcontractors under one Smith to do certain work on the building of a church, of which defendant was treasurer. When they had nearly finished their work, they asked defendant if they could get some money; he made the statement as to the money in his hands mentioned in the opinion and said he would pay them if they got an order. On the same day, they obtained the following order:

"CHESTER, Pa., Oct. 3, 1889.

"MR. JOHN McCLURE:—Please pay to the order of Robert

Howarth & Sons, three hundred and sixty-five dollars for tin work and galvanized work at church.

"$365.00              (Signed)        W. D. SMITH."

The order was presented to defendant and a copy of it given to him.  He said as soon as plaintiffs finished the work, he would pay them.  The application for payment and the presentation of the order were made to the defendant as treasurer. The defendants subsequently completed their work.  At the conclusion of the evidence for the plaintiffs, the court directed a verdict for defendant, to which plaintiffs excepted.

*Error assigned* was the direction to find a verdict for the defendant.

*George B. Lindsay*, for appellants.

*W. B. Broomall*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 9, 1892:

The appellants claim that their case is governed by the principle that a promise to pay the debt of another is not within the statute of frauds where the promisor has money or property of the debtor placed in his hands for the purpose of such payment, or where in any other way an agency or trust arises which involves a duty to pay.  In all such cases the party for whose benefit the promise was made may sue upon it in his own name : Stoudt v. Hine, 45 Pa. 30 ; Townsend v. Long, 77 Pa. 143 ; Justice v. Tallman, 86 Pa. 147 ; Delp v. Brewing Co., 123 Pa. 42, 51.

The principle is beyond question, but it does not meet the view of the case upon which the learned judge below directed the verdict for the defendant, namely, that the promise of the defendant shown by the evidence was not in his individual capacity, but as the treasurer and representative of the church. An examination of the evidence fully confirms this view.  The only doubt that could be raised is upon the single expression of the defendant, as testified to by Dennis Howarth, one of the plaintiffs, that he had " over seven hundred dollars of Smith's money."  If this stood alone it might be necessary to send it to the jury to say whether defendant meant that he individually had Smith's money in his hands, under such circumstances as to raise a duty to pay on Smith's order.  But the whole tenor of the evidence shows that this was not the meaning.

There was no claim that defendant personally owed Smith any money, nor any evidence at all that he had received any money from Smith.   On the contrary the claim of Smith like that of plaintiffs was for work done for the church, and the evidence was that defendant was the treasurer of the church, or as is now said to be the more accurate statement, treasurer of the building committee.   The same witness Dennis Howarth admitted on cross-examination that what defendant said might have been only that he had " got over seven hundred dollars," and this is the form of the expression testified to by the other plaintiff Robert Howarth, as used by defendant to him.   Even however if the additional words " of Smith's money " were used on either or both occasions, the situation of the parties, the subject-matter of the claim presented, and the admitted representative character of the defendant in regard to it, prove conclusively that the money referred to was the church's money in defendant's hands as treasurer to meet the church's obligations to Smith under his contract.   As well said by the learned judge below no reason has been shown why defendant should be liable out of his own pocket when he was acting as treasurer. The distinction is vital.   If judgment were recovered against him, the evidence shows no obligation to pay it except out of the church's money, and yet if he were to do so the judgment would be no protection to him in an accounting to the church nor would a verdict and judgment in his favor be conclusive in a suit by plaintiffs against the church on the promise of its treasurer.

Judgment affirmed.   .