## Howes, Appellant, *v.* McCrea.

*Debtor and creditor—Payment of debt out of fund placed in the hands of another.*

Where there is a transfer of a fund to the promisor for the payment of a debt, he is liable on his verbal promise made to the owner of the fund; or if property charged with the payment of the debt be transferred to him on his promise to the vendor to pay the debt, he is liable.

Where a fund is by a debtor placed in·the hands of a third party to be applied to the payment of a debt to a creditor, such creditor, although not present when the arrangement was made, may bring suit against the holder of the fund.

*Statute of frauds—Promise to pay debt of another—Funds of debtor in hands of promisor.*

A promise to pay the debt of another is not within the statute of frauds, where the promisor has money or property of the debtor placed in his hands for the purpose of such payment, or where in any other way an agency or trust arises which involves a duty to pay.

Argued Oct. 22, 1902.   Appeal, No. 109, Oct. T., 1902, by plaintiffs, from order of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 513,·refusing to take off nonsuit in case of William E. Howes and Edgar J. Howes, Copartners, trading as W. E. & E. J. Howes, to use of Percy T. Kneale, Assignee for creditors of W. E. & E. J. Howes, v. John McCrea.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Assumpsit on an alleged promise to pay the debt of another. Plaintiff's statement of claim was as follows :

John McCrea, the defendant, is indebted to William E. Howes and Edgar J. Howes, copartners, trading as W. E. & E. J. Howes, to the use of Percy T. Kneale, assignee for the benefit of creditors, of the said W. E. & E. J. Howes, the plaintiffs, in the sum of $800, with interest from November 26, 1897, without defalcation or set-off whatever, for the recovery of which sum with interest as aforesaid, suit in above case is brought. The said sum is due under the following state of facts :

On November 26, 1897, John McCrea, the defendant, was indebted to one John Stabler, Jr., in a large sum of money, exceeding the sum of $800, and at that time the said John Stab-

ler, Jr., was indebted to W. E. & E. J. Howes, the legal plaintiffs in this action, in a large sum of money also. The said John Stabler, Jr., in part payment of his indebtedness to the legal plaintiffs, gave to them an order or draft on John McCrea, the defendant herein, instructing the said John McCrea to pay to the legal plaintiffs in this action the sum of $800, and charge the same to the account of the said John Stabler, Jr. The said order was in writing, and was dated November 26, 1897. Through inadvertence the said order was placed with other papers, which the said John McCrea took possession of, and the same is now in his possession and under his control. The said order was presented to the said John McCrea on or about November 26, 1897, and was verbally accepted by him, and at the time of accepting the same, he promised to pay the same to the said legal plaintiffs. A copy of said order is as follows:

"PHILADELPHIA, November 26, 1897.
"MR. JOHN McCREA,
"Dear Sir: Please pay to the order of Wm. E. & E. J. Howes, the sum of eight hundred dollars, and charge to my account at 58th and Callowhill St. operation.
"$800.                    (Sgd)        JNO. STABLER, JR."

After the acceptance of said order by the said John McCrea, the said John Stabler, Jr., brought suit against the said John McCrea in the court of common pleas, No. 3, of Philadelphia county, to December term, 1898, No. 854, for the balance alleged to be due him, and in the statement of claim in that action gave credit to the said John McCrea for the sum of $800 for moneys which the said John Stabler, Jr., then thought had been paid by the said John McCrea to the legal plaintiffs in this suit under the order hereinabove mentioned. To said action the said John McCrea filed an affidavit of defense, in which he alleged that he was entitled to a credit of $800, as admitted in the statement of claim filed. Subsequently, the said action brought by the said John Stabler, Jr., against the said John McCrea was settled, and ended by the payment of a balance due by the said John McCrea to the said John Stabler, Jr., after allowing to the said John McCrea the credit of $800 hereinabove mentioned. Plaintiffs aver that the said John McCrea holds said sum of money, to wit: the sum of $800, to and for the use

Statement of Facts—Arguments. [21 Pa. Superior Ct.

and behoof of them, the said plaintiffs, and the said sum is still in his hands. Demand has been made upon him for payment of the same, but he has wholly neglected to pay the amount, or any part thereof.

On June 13, 1900, said W. E. & E. J. Howes made a general assignment for the benefit of their creditors to Percy T. Kneale, the use plaintiff in this action. The said assignment is recorded at Philadelphia, in deed book J V, No. 168, page 126, etc. Wherefore the said Percy T. Kneale, assignee as aforesaid, claims that there is due to him as use plaintiff, the sum of $800, with interest, as aforesaid, for the recovery of which sum suit has been brought in the above entitled case.

At the trial plaintiff made this offer :

Mr. Boyd : I propose to prove by this witness that this paper was given to him by John Stabler, Jr., as an order on John McCrea, the defendant in this case, to pay to the plaintiffs the sum of $800, and to charge it to the account of John Stabler, Jr. I further propose to show by this witness that he took this order to Mr. McCrea, and that Mr. McCrea verbally promised to pay it ; that to be followed by proof afterwards that that sum of $800 was allowed to Mr. McCrea by John Stabler, Jr., in the settlement of suits, and that that $800 is in McCrea's hands as a trust to be paid to W. E. & E. J. Howes. Offer refused. [1]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Peter Boyd*, for appellant.—It is well settled in Pennsylvania that " a promise to pay the debt of another is not within the statute of frauds where the promisor has money or property of the debtor placed in his hands for the purpose of such payment, or where in any other way an agency or trust arises which involves a duty to pay. In all such cases the party for whose benefit the promise was made may sue upon it in his own name : Howarth v. McClure, 149 Pa. 170 ; Delp v. Bartholomay Brewing Co., 123 Pa. 42 ; Justice v. Tallman, 86 Pa. 147 ; Townsend v. Long, 77 Pa. 143 ; Stoudt v. Hine, 45 Pa. 30.

*M. Hampton Todd*, with him *John Faber Miller*, for appellee,

cited: Fehlinger v. Wood, 134 Pa. 517; Nugent v. Wolfe, 111 Pa. 471; First Nat. Bank of Tamaqua v. Shoemaker, 117 Pa. 94; Hopkins v. Stockdale, 117 Pa. 365.

OPINION BY WILLIAM W. PORTER, J., December 13, 1902:

If the learned judge in the court below was right in holding that this action was based wholly upon an order given by Stabler on McCrea to the legal plaintiffs in this action, and that the offer of proof made was in support of a case so based, he was right in rejecting the offer and in entering a nonsuit, inasmuch as the order was not accepted in writing by McCrea, as required by the act of May 10, 1881. The appellants claim, however, that the action is not based upon the order. They call attention to the statement of claim which asserts the right to the sum of $800, held by McCrea " to and for the use and behoof of them the said plaintiffs." The first part of the offer was to show the giving of a written order by Stabler on McCrea in favor of the legal plaintiffs in the sum of $800, with direction to charge it to the account of Stabler, and that the plaintiffs presented this order to McCrea who verbally promised to pay it. But the offer goes further than this. It proposes to follow with proof that the sum of $800 was allowed to McCrea by Stabler in the settlements of suits, and that those $800 were left in the hands of McCrea as a trust to be paid to the plaintiffs. Where there is a transfer of a fund to the promisor for the payment of a debt, he is liable on his verbal promise made to the owner of the fund; or if property charged with the payment of the debt be transferred to him on his promise to the vendor to pay the debt, he is liable: Fehlinger v. Wood, 134 Pa. 517; Townsend v. Long, 77 Pa. 143; Stoudt v. Hine, 45 Pa. 30; Maule v. Bucknell, 50 Pa. 39; Adams v. Kuehn, 119 Pa. 76. It is also true, that, where a fund is by a debtor placed in the hands of a third party to be applied to the payment of a debt to a creditor, such creditor, although not present when the arrangement was made, may bring suit against the holder of the fund: Justice v. Tallman, 86 Pa. 147; Townsend v. Long, supra; Delp v. Bartholomay Brewing Co., 123 Pa. 42. The offer of proof in the present case is in substance to show that Stabler and McCrea came together in the settlement of certain suits, that Stabler in his action gave credit to McCrea

for $800, represented by the order given by Stabler on McCrea to the plaintiffs in the present action ; that McCrea asserted (in his affidavit of defense in the suit by Stabler), that he was entitled to such a credit as against Stabler ; that a settlement was made between Stabler and McCrea on the basis that $800 should be retained by McCrea to pay the plaintiffs here. If this agreement was arrived at between Stabler and McCrea, it would be the equivalent of a deposit with McCrea of a sum of money to meet the claim of the present plaintiffs for $800. If the present plaintiffs can prove, under the offer, the making of such an agreement between Stabler and McCrea, they would make out a prima facia right to recover from McCrea. It is urged, however, that the offer is not to show a promise by McCrea to hold the fund and that the statement of claim avers only that the credit was given by Stabler to McCrea in the belief that Mc-Crea had paid the order given to the present plaintiffs. It is not necessary that the plaintiffs should prove an express promise on the part of McCrea to pay them subsequent and pursuant to the alleged agreement made between him and Stabler. It is sufficent if the plaintiffs can prove the existence of an agreement between Stabler and McCrea that the latter should hold the fund in his hands and apply it to the claim of the plaintiffs. Certainly McCrea cannot now shut out proof of the alleged agreement on the ground that it was made by Stabler in the mistaken belief that the application of the fund had been already made by McCrea. McCrea received the credit in the settlement as if the fund had been applied. He still holds the fund (if the agreement be as alleged by the plaintiffs) for the purpose to which he agreed that it should be, or should have been, applied. So far as Stabler is concerned, his agreement to the application of the fund would be shown by the terms of settlement proposed to be proven. The order itself which was offered to be put in evidence was admissible, in connection with the other proofs that were to follow, to show the existence and amount of the claim against Stabler, to which the fund was to be applied by McCrea under the alleged agreement of settlement made between Stabler and McCrea. The inclusion in the offer to prove an alleged promise by McCrea to pay the order was not fatal to the whole offer. True such a promise did not tend to create any legal liability on the order because it was not a written

acceptance. But if the other proofs showed that Stabler and McCrea had in fact agreed that the latter should hold a fund to meet the order, the promise might become enforceable. Since it has been held " that a promise to pay the debt of another is not within the statute of frauds where the promisor has money or property of the debtor placed in his hands for the purpose of such payment, or where in any other way an agency or trust arises which involves a duty to pay: " Howarth v. McClure, 149 Pa. 170. The admissibility of the proof of the promise of McCrea could only be determined after the exhibition of the other proofs proposed to be submitted under the offer. It will be understood that we are here passing only upon the offer of proof. We cannot know what facts will be exhibited when proof is attempted under the offer. It may be on the retrial that the facts will not warrant the application of the principles herein discussed. All that we hold is that the terms of the offer were broad enough to open the door to proof of an agreement between Stabler and McCrea under which the latter is alleged to hold a fund applicable to the payment of the plaintiff's present claim.

The judgment is reversed and a new venire awarded.