## McAvoy & McMichael, Limited, v. Commonwealth Title Insurance & Trust Company, Appellant.

*Contract—Delivery—Delay in delivery—Evidence.*

In an action to recover for bricks sold and delivered, where the defense is that delivery was not made in time, it is proper to permit the plaintiff to show that the defendant's foreman prevented plaintiff's teamsters from delivering bricks from time to time.

*Action—Money had and received—Money in the hands of another.*

Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof. No privity of contract is necessary to sustain this action, for the law, under these circumstances, implies a promise to pay.

*Evidence—Affidavit of defense—Practice, C. P.*

A plaintiff may offer in evidence the whole of an affidavit of defense and take advantage of such portion of it as is in his favor, and then go on and contradict the rest.

Argued Dec. 9, 1904. Appeal, No. 177, Oct. T., 1904, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1902, No. 2646, on verdict for plaintiff in case of McAvoy

& McMichael, Limited, v. Commonwealth Title Insurance & Trust Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for money had and received.

At the trial it appeared that the action was based upon the following paper :

"June 27, 1902.

"MESSRS. McAVOY & McMICHAEL,
  "27th & Dickinson Sts.,

"Dear Sirs :—The Commonwealth T. I. & T. Co. has set aside the sum of $1,590, out of the fund deposited with it in application No. 60015 to 24, to be payable to your order from time to time as bricks are delivered to premises 58th & Ashland Ave., Angora Station, upon certificate from our inspector that the same has been delivered as per agreement under date of June 25th, between John M. Whelan, builder, and McAvoy & McMichael, brick manufacturers.

"A charge of 1 % will be made for guaranteeing this fund.
          "Yours truly,
              "A. J. MALONEY,
"Attest,                    V. Prest.
  "F. F. FABER."

The court, after reading the above paper, charged as follows : It is only the first paragraph, as you will find when you read it yourselves, which is relevant, because there was afterwards no guarantee, which is entirely a different kind of contract made for this fund as between the commonwealth company and the plaintiff. The right of the plaintiff to recover against this defendant is because the defendant is a stakeholder or a depositary, which ever it may be called, and by the reason of the fact that the commonwealth company received this money for the use or benefit of the plaintiff upon a certain contingency, namely, the production of a certificate from the commonwealth company inspector that the bricks had been delivered as per agreement. There is no doubt but that the bricks set out in plaintiff's statement were delivered by the plaintiff. That has been proven. It is not denied. They did not produce a certificate from the commonwealth company,

because, as the story of both parties is—and, therefore, that may be taken as proven before you—that the commonwealth company refused to give them a certificate, not denying or not stating that the bricks were not there in fact, but that Whelan had come to them and said "Don't issue a certificate on this contract to McAvoy, because he has broken his agreement with us, and we have been obliged to go into the market and buy other bricks, and we are at a loss." That is the reason why the certificate has not been produced. Therefore, the question is for you to decide what was the agreement between them. If the agreement was, as the plaintiff states, that he was to deliver the bricks in such quantities and at such times as he thought best, or that he could or would deliver, then of course it does not make any difference whether he has the certificate from the commonwealth company or not and he would be entitled to a verdict against the company. On the other hand, if you believe that such was not the agreement, but that the agreement was as Whelan states it was, namely, that he was to get 6,000 bricks a day, beginning from June 25, if you believe that was the agreement between them, and if you believe that the plaintiff failed to fulfill the terms of his agreement, then of course your verdict should be for the defendant.] [2]

Verdict and judgment for plaintiff for $353.54. Defendant appealed.

*Errors assigned* (1–8) sufficiently appear by the opinion of the Superior Court.

*M. J. O'Callaghan*, for appellant.—Under the evidence and the pleadings there was no contractual relation between the plaintiff and the defendant: Slaymaker v. Irwin, 4 Wharton, 369 ; Sidle v. Anderson, 45 Pa. 464 ; Powers v. Curtis, 147 Pa. 340 ; Smith v. Carroll, 112 Pa. 390.

The evidence was not sufficient to establish the agency of the employee of Whelan on the buildings for the purpose of binding Whelan in changing the contract and directing when bricks should be delivered: Central Penna. Telephone, etc., Co. v. Thompson, 112 Pa. 118 ; Keyser v. Reilly, 191 Pa. 271 ; Bank v. Kuntz, 175 Pa. 432 ; Beale v. Adams Express Com-

pany, 13 Pa. Superior Ct. 143 ; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396.

The certificate required under the terms of the contract could not be waived by the plaintiff, nor could he recover without it unless it was capriciously or fraudulently withheld by the depositary : Pittsburg Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256.

*S. G. Birnie*, with him *Francis G. Taylor*, for appellee.— Where one has in his hands money which in equity and good conscience belongs and out to be paid to another, an action for money had and received will lie for the recovery thereof : Hertzog v. Hertzog, 29 Pa. 465 ; Hind v. Holdship, 2 Watts, 104 ; Justice v. Tallman, 86 Pa. 147 ; Hostetter v. Hollinger, 117 Pa. 606 ; Brown v. Title & Trust Co., 174 Pa. 443.

Plaintiff had the right to offer in evidence the affidavit of defense, without being bound by the statements contained in it, that prejudice their case : George v. Bell, 7 W. N. C. 110 ; Sellers v. Stevenson, 163 Pa. 262 ; Bowen v. DeLattre, 6 Whart. 430 ; Stockwell v. Loecher, 9 Pa. Superior Ct. 241 ; Jacoby v. Insurance Company, 10 Pa. Superior Ct. 366.

OPINION BY MORRISON, J., January 17, 1905 :

In this action of assumpsit the plaintiff avers a right to recover from the defendant the price and value of a quantity of bricks, sold and delivered upon a contract to John M. Whelan. It further avers that Whelan placed in the hands of the defendant a sum of money sufficient to pay the claim and that this money remained in the hands of the defendant and upon demand made, payment was refused.

The defendant company filed an affidavit of defense which did not deny the delivery of the bricks claimed for in this suit. In short, the affidavit of defense, which was put in evidence by the plaintiff, admitted the defendant's liability for the whole of the claim, subject only to certain items of set-off and defenses raised, which did not dispute the quantity of bricks delivered, nor the prices charged therefor. It is to be noted that the affidavit of defense tendered judgment to the plaintiff for a part of the claim, but now it is argued that there was no legal liability whatever on the part of the defendant.

The learned counsel for the appellant earnestly contends that the plaintiff cannot recover, because the contract was for the delivery of 8,000 bricks a day and the evidence shows that this was not complied with. The defendant is contending for defenses in favor of Whelan and really makes no defense on grounds peculiar to itself. The original contract was a letter from plaintiff to Whelan, proposing to furnish bricks of certain kinds and at stated prices. This writing was silent as to quantity. Whelan accepted this proposition in writing. The 8,000 bricks per day is alleged, by the defendant, to be based on an oral agreement, cotemporaneous with said writing, whereby the plaintiff agreed with Whelan to furnish not less than 8,000 bricks per day. This agreement was vigorously denied by the plaintiff; hence it was one of the questions of fact for the jury. The charge shows its submission to the jury with great fairness for the defendant. The court instructed the jury, that, if plaintiff agreed by parol to deliver 8,000 bricks per day and failed to do so, the verdict must be for the defendant. In this we think the court went further in favor of the defendant than the law authorizes. But it is a waste of time to discuss this question, because it is evident that the jury found this disputed question in favor of the plaintiff. We remark, however, that if the contract had been as contended by the defendant, and the plaintiff had substantially complied with its terms, but had failed to deliver 8,000 bricks per day, this would not entirely defeat a recovery. The plaintiff might have recovered the price of the bricks actually delivered, less such damages as Whelan suffered for the failure to entirely comply with the contract in that respect. But it does not lie in the mouth of the defendant to complain of the charge of the court in that respect, because it was more favorable to the defendant than it had a right to demand.

The case was tried before the court and a jury, and all of the disputed facts were fairly submitted to the jury, and the verdict for the full amount of the plaintiffs' claim indicates that the jury found all other material questions of disputed fact in favor of the plaintiff.

The first assignment of error complains of the court for allowing one, Doak, to testify to the agency of Whelan's foreman in regard to the order not to deliver any more bricks.

The testimony is quoted and an examination of it does not disclose error. The plaintiff did not assume the burden of showing the authority of Whelan's foreman. A defense was interposed on the ground that the plaintiff did not deliver the bricks fast enough to meet with the contract. The plaintiff was simply seeking to show that a man on the ground, who claimed to be Whelan's foreman, prevented plaintiff's teamsters from delivering bricks, from time to time, and this for the purpose of excusing the nondelivery in case the jury should find, upon this question, that the plaintiff was in default as to the quantity and time of delivery. In short, the plaintiff was seeking to show a condition of things, upon the ground controlled by Whelan, which excused it from delivering the bricks faster than was done. We think this testimony was competent and that the plaintiff had a right to introduce it. Suppose the foreman did not have the authority he claimed, yet he was upon the ground, from day to day, and was assuming such authority and we do not consider it error for the court to permit the jury to consider this evidence, for the purpose for which it was offered.

The second assignment complains that the court below erred in instructing the jury that a contractual relation existed between the plaintiff association and defendant company, notwithstanding the fact that no such contractual relation existed. As a part of this assignment a lengthy excerpt is quoted from the charge of the court. An examination of this assignment satisfies us that it is without merit. It indicates that the counsel for the appellant misconceives the theory upon which the plaintiff was permitted to recover. No actual contract between the plaintiff and defendant was set up or attempted to be proved. The contract was between the plaintiff and Whelan to deliver bricks to the latter. But Whelan raised the money to pay for the same and deposited it with the defendant, and the defendant undertook to pay for the bricks, when delivered, out of this money, and the defendant notified the plaintiff by letter, before the bricks were delivered, that it had the money for this purpose. These alleged facts and the delivery of the bricks, were questions of fact fairly submitted to the jury and they were found against the defendant. We have a long line of decisions which hold, in effect: " Where one has in his hands

money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof. No privity of contract is necessary to sustain this action, for the law, under these circumstances, implies a promise to pay:" 15 Am. & Eng. Ency. of Law (2 ed.), p. 1096.

It has been said that such money can be recovered on a constructive contract or fiction of law, adopted for the purpose of enforcing legal duties by actions ex contractu, where no proper contract exists, express or implied: Hertzog v. Hertzog, 29 Pa. 465. In Hind v. Holdship, 2 Watts, 104, it is said: "That he for whose benefit a promise is made may maintain an action upon it, although no consideration passes from him to the defendant, nor any promise from the defendant directly to the plaintiff." To the same effect is Blymire v. Boistle, 6 Watts, 182. See also Justice v. Tallman, 86 Pa. 147. See the opinion and authorities cited in Howes v. McCrea, 21 Pa. Superior Ct. 592; also P. & L. Digest of Decisions, vol. 3, p. 4701.

The third assignment is, "because the court below erred in not instructing the jury that under the pleadings there was no promise made by the defendant to pay or guarantee the payment for the bricks to be delivered to the Whelan operation." There certainly was evidence for the jury that the defendant received about $1,500 from Whelan, for the very purpose of paying for the plaintiff's bricks and, under the authorities, the court could not have properly instructed the jury to find against the plaintiff because the defendant made no promise to the plaintiff. The promise made to Whelan was sufficient when he delivered the money to the defendant.

The fourth assignment raises the question that there could be no recovery for the bricks in any event, until a certificate, which was provided for in the contract, was delivered to the plaintiff by the inspector of the defendant company. That is to say, that after the bricks were delivered and the money due the plaintiff, the learned counsel thinks the defendant could defeat a recovery by arbitrarily causing its inspector to withhold the certificate. The questions of the delivery of the bricks and whether the plaintiffs were entitled to the certificate and the right to recover without it, were all submitted to the jury under

fair and adequate instructions and the jury found these facts in favor of the plaintiff.

The fifth assignment raises the sufficiency of the proof to entitle the plaintiff to recover without the certificate. We have examined this assignment and the evidence relating thereto, and find that it cannot be sustained. The principle here involved is properly disposed of in the opinion of the court below, and if authority is needed we cite : Pittsburg Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256 and Whelen v. Boyd, 114 Pa. 228.

The sixth assignment complains that the court erred in not directing a verdict for the defendant, because the plaintiff offered the affidavit of defense and supplemental affidavit of defense, in evidence, and was bound by the contents thereof, and it was error to permit the plaintiff to contradict the evidence which it had thus offered. The contention here is that where an affidavit of defense admits the receipt of the plaintiff's goods and the price thereof and liability to pay therefor, and then raises a set-off equal to the value of the claim, the plaintiff cannot offer the affidavit of defense in evidence and then offer evidence to rebut the set off contained therein. This is not the law. The plaintiff could offer the whole affidavit and take advantage of such portions of it as was in its favor and then go on and contradict the rest. " A party must give the whole admission of his adversary in evidence, but having done so he may certainly contradict by other evidence any fact that may be injurious to him : " George v. Bell, 7 W. N. C. 110.

The seventh assignment is in regard to the court not giving a binding instruction in favor of the defendant. This assignment is without merit. The case was clearly for the jury.

The last assignment complains that the court allowed a recovery upon an agreement to which the defendant was not a party. We think enough has already been said to demonstrate that this assignment is without merit.

We think the case was well tried, and the verdict appears to be for the precise amount that Whelan owed the plaintiff for bricks delivered, and the verdict and judgment being against the defendant, which held the money of Whelan for the pay-

ment for these bricks, we fail to see why exact justice was not done between the parties.

The assignments of error are all dismissed and the judgment is affirmed.