# Hering, Appellant, *v.* Donato.

*Pleadings—Affidavit of defense raising questions of law—Parties—Petition to amended statement—Action for money had and received.*

In an action of assumpsit for money had and received plaintiff averred in his statement of claim that he was one of a committee that had contracted for the performance of certain services by defendant. The statement also averred that plaintiff had paid certain sums of money to defendant out of his own funds and that defendant had failed to perform the services agreed upon. The defendant filed an affidavit of defense raising questions of law to the effect that plaintiff could not maintain the action alone and that no cause of action was shown. The questions of law were sustained by the Court.

When in such case plaintiff petitioned to amend by substituting all the members of the Committee as parties plaintiff, the amendment should have been allowed.

Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received lies for the recovery thereof. In such action no privity of contract need be shown, as the law implies a promise to pay.

Argued October 10, 1927. Appeal No. 72, October T., 1927, by plaintiff from judgment of M. C., Philadelphia County, November T., 1926, No. 582, in the case of Walter Hering v. Guiseppe Donato. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit for money had and received. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

The affidavit of defense raised certain questions of law. The court sustained defendant's questions of law. Subsequently plaintiff petitioned·to amend his statement of claim. The court discharged the petition and entered judgment for the defendant. Plaintiff appealed.

*Error assigned* was the action of the court in discharging plaintiff's petition to amend and sustaining defendant's questions of law.

*Joseph Sloane,* and with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Cunningham, J., March 2, 1928:

Appellant was the plaintiff in an action of assumpsit in the municipal court for money had and received. The defendant, without answering the averments of fact in the statement of claim, filed an affidavit of defense under Section 20 of the Act of May 14, 1915, P. L. 483, raising questions of law, to the effect that plaintiff was "incompetent at law to maintain the action" and that no valid cause of action had been shown. The municipal court sustained the questions of law and plaintiff obtained a rule to show cause why he should not be permitted to file an amended statement. The rule was discharged and this appeal is from the judgment entered in favor of the defendant. We must assume, for the purpose of disposing of the questions now involved, the truth of the averments contained in the original statement of claim and in the petition to amend. The material facts thus appearing are that the plaintiff, Walter Hering, and four associates, John Curtis, George T. Haly, George F. Fish and Morris H. Ware, constituted a committee formed for the pur-

pose of placing in the Academy of Music, Philadelphia, an appropriate marble tablet as a memorial to Sigfried Behrens, a distinguished musician and conductor. Mr. Hering was the active member of this committee and was willing to advance his own funds toward the project to the extent of $500.

At a meeting in his office about June 1, 1923, attended by the above mentioned John Curtis, Guiseppe Donato, a sculptor and defendant below, and by a representative of plaintiff, an agreement was made under the terms of which the defendant undertook to fashion and superintend the installation of the memorial tablet for a consideration of $1,200. Shortly thereafter, as appears from Exhibit A of plaintiff's statement, the agreement was confirmed by a writing prepared by defendant and addressed to and accepted by plaintiff. As stated in the language of defendant in said writing the consideration was to be paid as follows:

"An advance payment of Two hundred and fifty dollars ($250) accompanying your endorsement of this agreement. One hundred and fifty dollars ($150) during the month of July after you have seen and marked progress on work. One hundred dollars ($100) on or about October 1; Seven hundred dollars ($700) to be paid from the proceeds of a concert, opera or other entertainment to be given for the purpose of raising funds for the Memorial provided that from these funds the Five hundred dollars ($500) advanced the sculptor in accordance with the above terms shall be first deducted and repaid Mr. Hering. Should balance of the profits not amount to $700, the sculptor, Guiseppe Donato, agrees to accept whatever amount is realized as payment in full. This in accordance with the contract heretofore entered into with the old Memorial (Behrens) Committee."

The first and second payments, aggregating $400, were paid by plaintiff out of his own funds to defend-

ant. The averment of the fifth paragraph of the statement of claim is that "The defendant, however, has failed and neglected to carry out any of the terms of the said agreement on his part to be performed and has failed to complete or proceed with the work on the said marble memorial tablet." Upon refusal of the defendant to return the $400 advanced by plaintiff this suit was brought.

No opinion was filed by the lower court; nor have we a paper book for the appellee, but his contention, apparently assented to by the court below, seems to have been that Hering could not maintain the action alone. Without conceding the correctness of this ruling the plaintiff offered to overcome the objection by amending his statement to include as parties plaintiff the other members of the committee and obtained a rule to show cause why such amendment should not be allowed. Without assigning any reasons therefor, the municipal court discharged the rule and entered judgment in favor of the defendant. Where a promise, upon which an action of assumpsit is founded, is an express promise, there is little difficulty in determining whether it is joint or several and, if joint, all to whom it is made must, or at least may, sue on it jointly and, after recovery, settle among themselves the division of the amount recovered; but where, as here, the promise is implied and arises by intendment of law, the nature of the transaction controls the form of action: Humbird v. Davis, 210 Pa. 311. Under the facts as pleaded it would seem that defendant's contract for the preparation of the tablet was with the committee, but in any view of the case he now "has in his hands money which in equity and good conscience belongs and ought to be paid to another." We have numerous decisions holding that an action for money had and received will lie under such circumstances and that no privity of contract is necessary to be shown as the law

implies a promise to pay: McAvoy and McMichael v. Commonwealth Title, Insurance and Trust Company, 27 Pa. Superior Ct. 271; Greenwich Bank v. Commercial Banking Corporation, 85 Pa. Superior Ct. 159. A recovery jointly by the members of the committee would be a bar to any subsequent action by any individual member thereof for the same cause. The defendant is not concerned with any question which might possibly arise between the members of the committee with respect to the disposition of the money if and when recovered: Humbird v. Davis, supra. The rule to show cause why the statement of claim should not be amended as proposed should have been made absolute.

The judgment for defendant is reversed; the rule is reinstated; and the record is remitted for further proceedings not inconsistent with this opinion.