# Hall, Appellant, *v.* Lincoln Savings and Trust Company.

*Statute of frauds—Guaranty—Contract not within the statute—Fund in hands of guarantor.*

If a special promise is made by the surety of a public contractor to a subcontractor, to see the latter paid for the performance of work which would be in relief of the obligation of the surety upon its prior bond, and if this payment is to be made from a fund assigned to, and held by the surety for the payment of subcontractors, the promise does not fall within the statute of frauds.

In such a case if the surety saw fit to disburse the amount for other purposes, in disregard of its promise to the subcontractor, that is its own affair, and it is not thereby relieved from liability to the subcontractor.

Argued Jan. 16, 1908. Appeal, No. 252, Jan. T., 1907, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 3,772, entering judgment for defendant non obstante veredicto in case of Samuel D. Hall et al., trading as Hall Brothers & Wood, v. Lincoln Savings and Trust Company. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Reversed.

Assumpsit by a subcontractor against a surety of a public contractor. Before Brégy, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $1,615. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Alex. Simpson, Jr.,* of *Simpson & Brown,* for appellants.— The meaning of the words of the promise was for the jury to decide : Boston v. Farr, 148 Pa. 220 ; Maynes v. Atwater, 88 Pa. 496 ; McFarland v. Newman, 9 Watts, 55 ; Dodson v. Judge, 10 Kulp, 327 ; Weyand v. Crichfield, 3 Grant, 113.

Where the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, the promise is not within the statute of frauds : Nugent v. Wolfe, 111 Pa. 471 ; Bailey v. Marshall, 174 Pa. 602 ; Malone v. Keener, 44 Pa. 107; Taylor v. Preston, 79 Pa. 436 ; Elkin v. Timlin, 151 Pa. 491 ; Duncan v. Shaw, 17 Pa. Superior Ct. 225 ; Miller v. Long, 45 Pa. 350 ; Gheen's Estate, 7 W. N. C. 66 ; Riegelman v. Focht, 141 Pa. 380 ; May v. Walker, 20 Pa. Superior Ct. 581 ; Spriggs v. Walker, 20 Pa. Superior Ct. 585 ; Pizzi v. Nardello, 209 Pa. 1.

When the promisor receives, or has in hand, funds for the payment of the debt of another, his promise to pay such debt is not within the statute of frauds : Stoudt v. Hine, 45 Pa. 30 ; Dock v. Boyd & Co., 93 Pa. 92 ; Jefferson County v. Slagle, 66 Pa. 202 ; Dreer v. Penna. Co. for Insurance, etc., 108 Pa. 226 ; Zell's Appeal, 111 Pa. 532 ; Delp v. Brewing Co., 123 Pa. 42 ; Howarth v. McClure, 149 Pa. 170 ; Howes v. McCrea, 21 Pa. Superior Ct. 592 ; Brown v. Title & Trust Co., 174 Pa. 443.

Where goods or services are furnished to a third person, in consequence of and in reliance upon the promise, and on the credit account of the promisor, and not of the third person, such promise is not to pay the debt of another, and though it be by parol the promisor is liable : Speers v. Knarr, 4 Pa. Superior Ct. 80 ; Hibbs v. Woodward, 15 W. N. C. 338.

*Hampton L. Carson,* with him *John Kent Kane,* for appellee.—It is clear that at the time of the conversation between the appellants and appellees there was no contractual relation whatever between them : Eshleman v. Harnish, 76 Pa. 97 ; Nugent v. Wolfe, 111 Pa. 471.

If the conversation is to be viewed as an original promise,

then it lacks the essential features of a contract : Johnston v. Fessler, 7 Watts, 48 ; Slaymaker v. Irwin, 4 Wharton, 369 ; Emerson v. Graff, 29 Pa. 358 ; Borland v. Guffey, 1 Grant, 394.

OPINION BY MR. JUSTICE POTTER, March 30, 1908 :

On July 31, 1901, George W. Pierson entered into a contract with the city of Philadelphia for the erection of a schoolhouse. The defendant here, the Lincoln Savings and Trust Company, became his surety upon two bonds, one for the faithful performance of the contract, and the other for the payment of subcontractors and material men. The right of action upon the latter bond was by its terms limited to two years. Pierson agreed with the trust company that it should collect from the city all the moneys coming due on his contract, and should pay upon his orders the subcontractors and material men from the funds so received. Nearly a year after the making of the general contract, Pierson asked Hall Brothers and Wood to execute a contract with him for the mill work upon the building. Before signing the contract Henry H. Hall, one of that firm, called upon the defendant trust company, and saw John R. Deacon, its secretary and treasurer. In Mr. Hall's testimony he says : " I took that contract to the trust company. I saw Mr. Deacon. I stated my case to him, that not knowing Mr. Pierson we did not care to go into a contract of this size without a guarantee. ' Well,' he says, ' it is not worth while for you to have a guarantee for this money will go through our hands, and we will see that you are paid.' I also stated that we would not give a bond. Ordinarily, the city requires a bond for one-half of the subcontract amount. He said it didn't matter about that, that they would waive that ; that they were very anxious to get somebody to take this that was responsible, so that they would not have any further trouble." The contract was then executed, the consideration for the work and material involved amounting to $2,975. Upon this the defendant company made payments of $1,700, under orders given by Pierson. This left a balance due and unpaid of $1,275, for which the present suit was brought. Upon the trial in the court below the jury found for the plaintiffs in the sum of $1,615, being the amount of the claim and interest. Counsel for defendant moved for judgment non obstante vere-

dicto under the act of 1905, and the court granted the motion on the ground that the alleged promise of defendants was within the statute of frauds, saying : " In this case the leading object of the promise or agreement said to have been made by the treasurer of the defendant company prior to the contract between the plaintiffs and Pierson, was in the nature of an agreement to become guarantor to the plaintiff for a debt for which Pierson was thereafter to become and remain primarily liable. The agreement, if any, was in our opinion within the statute of 1855, and not binding upon the defendants, as it was not evidenced in writing. The motion for judgment for defendant non obstante veredicto is, therefore, granted."

Plaintiffs have appealed, and have assigned for error the entry of judgment. The only question presented by the appeal is whether the contract sued on was within the statute of frauds. It will be noticed that prior to the making of the contract, the defendant company was not only bound by its bond to the city for the faithful performance of the work by Pierson, but it also represented to the plaintiffs that it would have in its hands the money coming due to Pierson under his general contract, and by reason of that fact it said to the plaintiffs, " we will see that you are paid " ; and upon the strength of that statement, the contract was entered into by plaintiffs. Under these circumstances it would seem to have been a promise to answer for an obligation of its own to hold the fund in trust, and apply it to the engagements made by Pierson. The principle involved is thus stated in the text-books : " A promise to pay the debt of another in consideration of property or funds received, or to be received, of the debtor for that purpose, is not within the statute as the promisor thereby makes the debt his own and incurs a primary liability to which the continuing obligation of the debtor is in a sense collateral : " 29 Am. & Eng. Ency. of Law (2d ed.), 917. " Another category of cases is that in which the guarantor is the assignee of the property of the person answered for under a trust to pay the debts of the latter. The promise under these circumstances is not within the statute of frauds:" 1 Reed on Stat. of Frauds (1884), sec. 52.

The words alone, in which the contract was made, are not

sufficient to determine whether the promise is within the statute of frauds. The circumstances of the transaction must be taken into consideration. Having regard to these, it appears that by reason of the bond which the defendant had given to the city to insure the completion of the contract by Pierson, there was a liability upon the part of the defendant, which gave it a beneficial interest in the successful completion of the work undertaken by the plaintiffs, independent of its express promise to see them paid for doing it. In addition to this, there was the transfer to the defendant, of a fund for the payment of the debt, and it is a fair inference from the evidence, that without the knowledge of this fact made known by defendant to plaintiffs, and coupled with the promise to see them paid, the work would not have been undertaken by plaintiffs. Nor is it material under these circumstances whether the defendant retained the moneys paid to it for the contractor. If it saw fit to disburse the amount for other purposes, in disregard of its promise to plaintiffs, that was its own affair. The evidence showed that all the money paid on the contract passed into the hands of the defendant. The warrants were drawn to the order of the contractor Pierson, who indorsed them to defendant as required by his agreement with it. " Where the promisor has a leading purpose of personal advantage in making the promise, the latter is not a mere guaranty. . . . Where the promisor has a leading purpose of his own to accomplish by the guaranty, the latter becomes a personal obligation of his, to which the responsibility of the person whose debt is guaranteed is a mere incident:" 1 Reed on Statute of Frauds, sec. 72.

In his discussion of the question in Maule v. Bucknell, 50 Pa. 39, Justice Strong (p. 52), points out that a promise to pay the debt of another is not within the statute of frauds, even though liability of the original debtor continues, if the promisor has received a fund pledged, set apart or held for the payment of the debt.

We are of opinion that the questions involved in this case were properly for the jury. If a special promise was made by the defendant to the plaintiffs, to see them paid for the performance of work which would be in relief of the obligation of the defendant upon its prior bond, and if this payment was

to be made from a fund assigned to, and held by defendant for the payment of subcontractors, clearly, under the authorities, and as a matter of sound principle, the promise would not be within the statute of frauds./ The conclusion, therefore, follows that the court below erred in entering judgment for the defendant non obstante veredicto. The specifications of error are sustained, and the record is remitted to the court below, that such judgment may be entered, in accordance with this opinion, as law and justice require.