## Connor, Appellant, *v.* Stewart.

*Statute of frauds—Promise to pay the debt of another—Building contract—Subcontractor—Material men.*

Where building contractors sublet a portion of the contract to a subcontractor, and the latter is supplied with material by a material man, under an oral promise by the contractors that if the subcontractor failed to pay the material man, they, the contractors, would take the

price out of whatever they might owe to the subcontractor, and pay it over to the material man, the promise is to pay the debt of another, and being oral is not enforceable under the statute of frauds.

Argued Oct. 7, 1913.   Appeal, No. 259, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1911, No. 385, for defendants n. o. v. in case of J. B. Connor v. William C. Stewart and A. James Stewart, Copartners, trading as Stewart Brothers.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for building materials.   Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $272.08.   Subsequently the court entered judgment for defendants n. o. v.

*Error assigned* was in entering judgment for defendants n. o. v.

*John F. Powell*, with him *H. M. McCaughey*, for appellant, cited: Gable v. Graybill, 1 Pa. Superior Ct. 29; Hall v. Lincoln Savings & Trust Co., 220 Pa. 485; Stouffer v. Jackson, 42 Pa. Superior Ct. 450; Jefferson County v. Slagle, 66 Pa. 202; Merriman v. McManus, 102 Pa. 102.

*Ralph B. Evans*, with him *Frank P. Prichard,* for appellees, cited: Haverly v. Mercur, 78 Pa. 257; Stouffer v. Jackson, 42 Pa. Superior Ct. 450.

OPINION BY ORLADY, J., December 8, 1913:

The defendants are contractors and were engaged in building two manufacturing establishments.   They sublet certain portions of work to other contractors, among which were the Wendell Paving Company, for "the footings under the brick work, to make a solid founda-

tion to hold the brick up, the cellar floors, and the first floor of the building." The plaintiff is a dealer in supplies, and furnished material to this subcontractor for use in these buildings.

It appears that soon after the work was started, the Wendell Paving Company was in doubtful credit with the plaintiff, and we accept his own statement of the facts in determining the nonliability of the defendants. He says: "Mr. Wendell came to my office for building material—cement, crushed stone and gravel. He had no reference, so I told him he would have to see Stewart Brothers about the money, and he said, 'All right.' He went down and saw Stewart Brothers, who called me up and told me to go ahead and deliver material and they would see that the money was paid, and take it out of the contract price. They would hold the money out of the contract price of Wendell & Company. I saw them both and they both told me to go ahead, they would hold the money out of the contract price. The three subcontractors got all the material from me that was used in the buildings. Stewart said he did not want the contracts mixed up, and that all the material I delivered on account of Wendell, we should bill to Wendell but send it to Stewart Brothers; we did not bill any material to Stewarts. Stewart said he wanted to keep the account separate to see that they would not be overdrawn. The payments we received were Stewart Brothers checks. They would make the check out to the Wendell Paving Company, and make it indorse the check in their office and then Stewart Brothers would mail the check to me or give it to me when I would go down to Stewart's office."

All parties to the transaction rightly regarded the Wendell Paving Company as the debtors of the plaintiff. Between these parties the price, place of delivery, manner of payment, and all other details were arranged. The material was charged to the Wendell Paving Company, the bills were made out in their name, and while

sent to Stewarts to protect them from overdraft by the Wendell Paving Company, the transaction never became a debt of Stewart Brothers, and never rose higher than one of suretyship for the original debtor, the Wendell Paving Company.

In Gable v. Graybill, 1 Pa. Superior Ct. 29, the authorities are carefully reviewed, and the facts in this case demonstrate the legal necessity for having such a contract in writing in order to bind a defendant on a promise to pay the debt of another. Or as stated by Mr. Justice STRONG in Maule v. Bucknell, 50 Pa. 39, "It is incumbent, upon him who would enforce a mere verbal promise of one to answer for the debt or default of another, if the original debt remains, to show that his case is one of those that are recognized as exceptional. And it will be found upon examination, that in nearly all the decisions in which it has been held that such a promise is not within the statute, there was some liability of the promisor or his property independent of his expressed promise, or that he had become the actual debtor, so as that between him and the original debtor the superior liability was his.

The material furnished by plaintiff was of a character easily procured from many dealers. There was nothing about it to make it special to this contract or the parties to the contract. Taking the promise in its strongest form, it meant nothing more than, if the Wendell Paving Company failed to pay Connor, that Stewart Brothers would take the price out of whatever money they might owe to the Wendell Paving Company. The record shows that this arrangement was pursued in good faith, and that the reason for not making a final payment was that Stewart Brothers had overpaid the Wendell Company, so that there was no money in their hands, and the plaintiff would be obliged to stand his share of the loss. As said in Haverly v. Mercur, 78 Pa. 257, "This is a wholesome rule, without which the statute may be easily evaded, especially since the law has made the plaintiff

a witness in his own behalf. Doubtful expressions can easily be made the foundation of a promise and the conscience of a party thus relieved from a conviction of a distinct perjury."

In Stauffer v. Jackson, 42 Pa. Superior Ct. 450, the promise relied on was so similar to the one in this case as to make the decision in that case a sufficient reason for affirming this judgment.

The judgment is affirmed.