### Riley, Appellant, *v*. Kahan.

*Principal and surety—Building material—Act of April 26, 1855, P. L. 308.*

While no rule can be easily expressed by which to determine in all cases whether a promise to be responsible for the debt or liability of another is or is not within the statute it is a general rule that when the leading object of the promise is to become guarantor or surety for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time of the promise of the principal, is within the statute and of no effect unless in writing.

Where a liability is to be incurred on the strength of an oral promise, and it does not appear from all the facts entering into the transaction that it was the intention of the promisor to create an original undertaking by him, he cannot be made liable by reason of the statute on such promise.

An owner in a building contract deposited a sum of money with a stakeholder under an agreement by which the money was to be paid to the contractor upon a written statement of the owner that the work was duly completed. A materialman asked the owner whether he would be responsible for material furnished to the contractor. The owner told him of the deposit and said that if he would get a written order from the contractor on the stakeholder, that he, the owner, would see that the materialman would get his money. The order was secured and the material furnished, and charged to the contractor alone. A partial payment was made by the stakeholder to the materialman. *Held*, (1) that the promise of the owner was an oral one within the Act of April 26, 1855, and

(2) that the owner was not liable to the materialman either by reason of the partial payment, or by reason of any act of the stakeholder.

Argued Oct. 2, 1917. Appeal, No. 87, Oct. T., 1917, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., March T., 1913, No. 5321, for defendant n. o. v. in case of J. T. Riley v. David Kahan. Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before Staples, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

Verdict for plaintiff for $299.37. The court in an opinion by Martin, P. J., entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*J. Frederick Martin,* for appellant.—This case is ruled by Van Leuven v. Holmes, 13 Pa. Superior Ct. 77.

*John Cadwalader, Jr.,* for appellee, cited: Nugent v. Wolfe, 111 Pa. 471; Black v. Bernheimer, 66 Pa. Superior Ct. 41; Lewis v. Lewis Lumber Mfg. Co., 156 Pa. 217; Rancil v. Krohne, 31 Pa. Superior Ct. 131; Stouffer v. Jackson, 42 Pa. Superior Ct. 451.

Opinion by Kephart, J., December 13, 1917:

This is an action brought to recover an amount due for lumber sold to Goldman, a contractor, and delivered at the property owned by the defendant. The statement of claim avers an oral undertaking of the defendant to pay for the lumber so delivered. The defendant resists this claim and contends that the promise, if made, is within the Act of April 26, 1855, P. L. 308. The defend-

ant had a contract with Barney Goldman to make certain improvements to his property. Under the terms of the agreement, the defendant agreed to deposit $600 with John Cadwalader, Jr., as stakeholder to be paid to Goldman upon the written statement of the defendant that the work under contract was duly completed. Upon the execution of that agreement, Goldman requested the appellant to sell him the lumber necessary for the improvements. Appellant called on the defendant, when this conversation concerning the sale, which is material to the disposition of this case, took place: "I explained to Mr. Kahan that this contractor, Barney Goldman, had been in to see me and had shown me what he was about to do on Mr. Kahan's property, but Goldman wanted to purchase the lumber from me......I wanted to know how I should be secured in my payments, as Mr. Goldman was not responsible—I did not think that he was responsible. Mr. Kahan told me that he had deposited $600 with his attorney, Mr. John Cadwalader, out of which material was to be paid for, and that if I would get an order from Goldman on Mr. Cadwalader to pay for the material which he should order, that he would see that I'd get my money.......I started to furnish material. Did you ever secure such an order? Yes, I did." In determining whether the defendant made himself liable under the promise, the circumstances surrounding the transaction with the words must be considered. "While no rule can be easily expressed by which to determine in all cases whether a promise to be responsible for the debt or liability of another is or is not within the statute it is a general rule that when the leading object of the promise is to become guarantor or surety for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time of the promise of the principal, is within the statute and of no effect unless in writing: Nugent v. Wolfe, 111 Pa. 471; Gable v. Graybill, 1 Pa. Superior Ct. 29"; Shannon v. American I. & S. Mfg. Co., 66 Pa. Superior Ct. 211.

Where a liability is to be incurred on the strength of an oral promise, and it does not appear from all the facts entering into the transaction that it was the intention of the promisor to create an original undertaking by him, he cannot be made liable by reason of the statute on such promise. This is the doctrine of all our cases. See Shannon v. American I. & S. Mfg. Co., supra. It is evident that it was not the intention of Kahan to assume a personal responsibility. Such language as "I will see that you get your money," does not create an obligation to pay for the materials delivered. It was a promise to see that another filled his contract, and it recognized the continuing liability of the contractor, Goldman: Nugent v. Wolfe, supra. It was made and acted upon in view of the fact that there was deposited a sum of money in the hands of a stakeholder that could be made applicable to debts generally for material. That the lumber was not delivered before the promise was made is not sufficient to create primary liability. At no time was there a charge made against this defendant and it is not seriously contended that Goldman is in any wise released from his undertaking to pay the plaintiff: Nazareth F. & M. Co. v. Beck, 66 Pa. Superior Ct. 238.

The plaintiff procured an order from Goldman, addressed to Cadwalader, directing him to pay to the plaintiff on account of the materials furnished. Accompanying the order were the bills made out to Goldman. While it has been held that a promise to pay the debt of another is not within the statute of frauds, where the promisor has money or property of the debtor placed in his hands for the purpose of such payment, or where in any other way an agency or trust arises which involves a duty to pay (Howes v. McCrea, 21 Pa. Superior Ct. 592; Delp v. Bartholomay Brewing Co., 123 Pa. 42; Justice v. Tallman, 86 Pa. 147; Stoudt v. Hine, 45 Pa. 30), this suit is not on Cadwalader's promise, and the acceptance of any order by Cadwalader would not bind Kahan beyond the money deposited. The payment to the appellant of

415, (1917).]            Opinion of the Court.

$100 by the stakeholder would not create such liability. The letter accompanying the check clearly indicated that no liability was assumed by the defendant under any of Goldman's contracts. The written order of Goldman, unaccepted by Kahan, would not take the case out of the statute, or cause the Act of May 10, 1881, P. L. 17, to be inoperative. If an oral acceptance of the order could be urged, it could not be predicated on the use of language such as this: "You will get your money, and you will be all right, and you need not be uneasy." The relationship between Cadwalader and Kahan is not shown to be such that acts of or orders on Cadwalader could bind Kahan, and inasmuch as there is no writing or other evidence, of an attempt on the part of Cadwalader to so bind the defendant, the case on this phase could not be sustained. But the suit was not based on any supposed acceptance of an order, but was based upon the oral promise of the appellee. The words used did not create such obligation, and the circumstances surrounding the entire matter show that Riley did not release Goldman from liability.

The judgment of the court below is affirmed.