# Lyndall Motor Truck Company *v.* Langinger.

*Statute of frauds—Promise to pay debt of third person—Practice, C. P.—Insufficient statement.*

A declaration of ability to perform is not a promise to perform.

In an action of assumpsit to collect a debt contracted by a third party, a statement of claim is insufficient, which does not aver some agreement or memorandum in writing, signed by the party to be charged therewith, or some other person by him authorized.

The mere verbal promise to pay, or the submission of a financial statement of ability to pay, is not sufficient to bring the case within the exceptions set forth in the Act of 1855, P. L. 308 (Statute of Frauds).

Argued October 7, 1920.    Appeal, No. 133, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1919, No. 1607, in favor of defendant for

318 LYNDALL MOTOR TRUCK CO., *v.* LANGINGER.

Statement of Facts—Opinion of Court below. [75 Pa. Superior Ct.
want of a sufficient statement of claim in the case of Lyndall Motor Truck Company v. Meyer Langinger. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on a verbal contract. Before FERGUSON, J.

From the record it appeared that one Satinover negotiated with the plaintiff for the purchase of two automobile trucks some time prior to July 20, 1918. The plaintiff having refused to extend credit to Satinover, the latter brought the defendant, Langinger to its office where he made the statement that if the plaintiff would let Satinover have the trucks and pay him six per cent for the accommodation, he would see that the plaintiff was paid for the trucks and would endorse any notes that Satinover might give. He also gave a statement in writing of his financial standing. Subsequently the plaintiff delivered the trucks to Satinover who later went into bankruptcy. The plaintiff then sought to collect the amount due on the automobiles from the defendant.

The court below entered judgment for the defendant in the following opinion:

We are of opinion that judgment must be entered in this case for the defendant because the plaintiff has shown no cause of action. The obligation entered into by Langinger showed on its face an existing obligation in Satinover. In such case Langinger was at most in the position of an intended surety or guarantor. The promise alleged was that if the plaintiff would let Satinover have the trucks, the defendant would see the plaintiff paid for the trucks and would endorse any notes Satinover gave. In point of fact the defendant did endorse the note which Satinover gave, but the note was a judgment note authorizing the entry of judgment any time, either before or after maturity. Such endorsement thereafter became valueless to the plaintiff, because under the decisions the note

317, (1921).] Opinion of Court below—Opinion of the Court.

was nonnegotiable. The defendant's verbal promise to endorse therefore imposed no greater obligation upon him than the actual endorsement did. The whole contract clearly shows that the primary obligation was in Satinover, and the defendant cannot be held in the absence of an agreement or memorandum in writing.

It is argued that Exhibit A in the Statement of Claim amounts to such a memorandum in writing. We do not so regard it. Exhibit A is merely a statement showing the financial responsibility of Langinger and a declaration of his financial ability to discharge any obligation which he might give in connection with the sale of the trucks, and particularly to pay any note given by him in connection with the sale of the trucks. A declaration of ability to perform is not a promise to perform.

Judgment for the defendant.

*Error assigned* was the judgment of the court.

*George J. Edwards, Jr.,* for appellant, cited: Shaffstall v. McDaniel, 152 Pa. 598; Schafer v. Farmers & Mechanics Bank of Easton, 59 Pa. 144; Moore v. Eisaman, 201 Pa. 190; Goldsmith v. Stocker, 249 Pa. 180; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 122.

*G. Lawrence Pape,* and with him *Albert S. Longbottom* and *Robert J. Byron,* for appellee, cited: Milton National Bank v. Beaver, 25 Pa. Superior Ct. 494; Wilson v. Martin, 74 Pa. 159; Patterson v. Poindexter, 6 W. & S. 227; Maule v. Bucknell et al., 50 Pa. 39; Townsend v. Long, 77 Pa. 143.

PER CURIAM, March 5, 1921:

The opinion filed in the court below in entering judgment in favor of the defendant fully sustains the correctness of the conclusion reached. The statement filed does not sufficiently show a cause of action, and a declaration of ability to perform is not a promise to perform.

For the reasons given by the court below, the judgment is affirmed.