## Seiple v. Long.

*Statute of frauds—Oral contract to pay debt of another—Act of April 26, 1855, sect. 1, P. L. 308.*

The plaintiff contracted to build two adjoining houses, one for the defendant and one for his father, who died before it was finished, naming the defendant's brother as his executor, and brought suit to recover for extra work and materials furnished for the father's house on the orders and promises of the defendant and the oral statement of the executor that he would leave it to his brother, the defendant, to direct the work: *Held*, that a non-suit was properly entered, as the defendant was either acting as agent for another or promised orally to pay the debt of another.

Rule to strike off judgment of non-suit. C. P. Lancaster Co., Sept. T., 1925, No. 78.

*H. Frank Eshleman,* for rule; *Jacob Hill Byrne* and *John A. Coyle,* contra.

HASSLER, J., Jan. 15, 1927.—The facts shown by the testimony in this case are as follows: The plaintiff, a contracting carpenter, built two adjoining houses, Nos. 138 and 140 Dauphin Street, in this city, during the fall of 1924. The one at No. 138 Dauphin Street was owned by and built under a contract with Louis D. Long, the defendant. The other, at No. 140 Dauphin Street, was owned by and built under a written contract with Louis D. Long, Sr., father of the defendant, who died before it was finished. He left a will in which Carl G. Long was named executor. The will was proven and letters testamentary were granted to him.

The plaintiff did extra work on, and furnished extra material for, both houses. He has filed a lien for the work done and materials furnished on the defendant's house at No. 138 Dauphin Street, and brought this suit to recover from the defendant for the extra work and material furnished for the house of the defendant's father at No. 140 Dauphin Street. At the trial we entered a non-suit, which we are now asked to strike off.

Our reasons for entering a non-suit were (1) that the testimony showed that the defendant was not acting for himself, and was, therefore, not liable to pay for the extra work and material furnished for the house of his father at No. 140 Dauphin Street; and (2) that, even though he promised to pay for

Seiple *v.* Long.

them, he was not liable, as the promise, if any was made, was to pay the debt of another, and, as it was not in writing, under the statute of frauds it is void.

A careful reading of all the testimony and the plaintiff's brief satisfies us that no error was committed in entering the non-suit. The plaintiff testified that he had a contract with the defendant to do work at house No. 140; that he did it at his orders, though he did not own it. He testified: "Q. Do you know whether Louis D. Long owned the house, 140 Dauphin Street? A. No, sir; Louis Long does not own the house at 140. Q. Then you have sued Louis D. Long for work done on a house that did not belong to him? A. He was given orders to tell me to do the work. Q. How do you know he was given the orders to tell you to do the work? A. By Carl G. Long, the executor of the estate. Q. How do you know it by Carl G. Long, the executor? A. He told me personally; he said, 'Mr. Seiple, it is impossible, I cannot be here all the time, I leave it to Louis, my brother, for the orders, and you do what he tells you, it will be all right.' Q. 140 Dauphin Street, about which we are now talking, belonged to Louis G. Long, who died after the written contract was made between you, the written contract for the erection of the two houses? A. As far as I know it was. . . . Q. You say that Carl G. Long was one of the executors of Louis G. Long? A. Yes, sir. Q. Did Carl G. Long tell you that orally, or did he give you a letter? A. He gave it to me orally; no letter." He then testified: "Q. What did you tell him (the defendant)? A. I told him that due to the fact that he was ordering this I expected him to pay for it, and he accepted that. Q. Did he agree to it? A. Yes, sir; he did. . . ." He subsequently testified that the defendant told him, when he instructed him as to extra work at both houses, that his money was paying for these, and I want it done, and I told him all right. "Q. Louis D. Long told you his money was paying for the house that belonged to himself as well as his father's? A. Not that belonged to his father, no. Q. If 140 belonged to his father he could not have told you his money was paying for 140? A. He told me his money was paying for the one he was supposed to have for himself. Q. That was 138, not 140? A. Yes, sir. Q. Then he did not tell you he personally would be responsible for the work done on his father's house, 140; is that right? A. No, sir."

It is clear from this testimony that the defendant was acting in the whole transaction as agent for the owner of the house at No. 140, and his executor, and that the plaintiff knew, as he says, that under these circumstances he did not promise to make himself liable for it.

If such promise to pay was made by the defendant, it was to pay the debt of the owner of the property, No. 140, as plaintiff admits that he knew that the defendant was acting for the owner and executor of the deceased owner of that house, so that the promise, if made, was to pay the debt of another and not binding upon him. Under the Act of April 26, 1855, P. L. 308, section 1 of which provides that no action can be brought on the promise of any defendant to pay the debt of another, unless the promise is in writing, an oral promise to pay the debt of another is without effect and void: Shannon *v.* American Co., 66 Pa. Superior Ct. 211; Riley *v.* Kahan, 68 Pa. Superior Ct. 415; Lyndall Co. *v.* Langinger, 75 Pa. Superior Ct. 317.

In either view of the case, if the defendant was acting as the agent for the owner and executor, the plaintiff must recover, if at all, from them.' If he seeks to recover because the defendant promised to pay him, such promise is void and non-enforceable. The judgment of non-suit was, therefore, properly entered, and the rule to strike it off is discharged.

**Rule discharged.**        From George Ross Eshleman, Lancaster, Pa.