Collins et al. *v.* Herwick, Appellant.

Argued April 20, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John Duggan, Jr.,* for appellant.—The contract is void under the Statute of Frauds because it is an oral promise to pay the debt of another: Gable v. Graybill, 1 Pa. Superior Ct. 29.

*Wm. B. Parshall* of *Parshall & Parshall,* and with him *Frank R. Crow, Jr.,* for appellees, cited: Stoudt v. Hine, 45 Pa. 30; Silberstein v. Bernstein, 58 Pa. Superior Ct. 375.

OPINION BY STADTFELD, J., July 14, 1933:

In 1927, Mrs. Mabel Utts, being the owner of a certain residence property situate in Connellsville, Pennsylvania, entered into a written agreement with A. C. Herwick, a building contractor, defendant, to perform certain work in connection with certain additions, changes and repairs to said residence, the owner reserving and to do at her own cost, inter alia, the heating and plumbing.

At or about the same time the defendant entered into an oral agreement with said owner to loan to her the sum of $6,500 to be secured by a first mortgage upon the property. The property was then subject to a mortgage in the sum of $3,500 due to the Yough Trust Co. which, with interest, amounted to $3,586.33, and a judgment due to one Swayne Harper amounting to $1,025.

It was claimed by plaintiff that it was agreed be-

tween the said Mabel Utts and the defendant, that the proceeds of said mortgage were to be paid out by the latter to the payment (1) in full of said mortgage to the Yough Trust Co., (2) the judgment in favor of Swayne Harper, (3) the defendant to retain the sum of $1,078 for labor and materials to be furnished by defendant to said Mabel Utts in the altering and remodeling of the dwelling house situate on the mortgaged premises, (4) to the payment to a plumbing contractor to be selected by said Mabel Utts for labor and fixtures to be installed in said mortgaged premises, the amount to be paid to said plumbing contractor not to be in excess of the balance of said mortgage funds in defendant's hands after the payment of the amounts already stated, and (5) the balance, if any, remaining in his hands, to the said Mabel Utts.

The plaintiffs were selected by Mrs. Utts to do the plumbing and heating, and on or about October 7th, submitted a bid therefor in the sum of $698 which was accepted. Plaintiffs claimed that defendant then agreed with them that he would pay to plaintiffs the amount of their bid, to-wit: $698 upon the completion of their contract out of the proceeds of said mortgage loan. Plaintiffs commenced their work in December, 1927, and completed it on or about March 2, 1928. Defendant denied that he made the contract with plaintiffs to pay them the amount of their bid for plumbing and heating, and at the trial introduced testimony to show that he had paid and disbursed on account of said loan the sum of $6,500.83, the extra disbursements in addition to the mortgage, judgment, and his contract price for repairs, being upon the order of Mrs. Utts for various extras ordered by her; and that he had no funds in his hands belonging to Mrs. Utts with which to pay plaintiffs' claim. Defendant contended (a) that there was no promise made, and (b) that the promise, if made, was to pay the debt of

another, and not in writing, and, therefore, unenforceable as being within the Statute of Frauds. The court submitted to the jury the question to determine whether or not a contract as alleged by plaintiffs was made with the defendant, and the jury returned a verdict for plaintiffs. A motion for new trial and also motion for judgment non obstante veredicto were made, both of which were overruled and judgment entered on the verdict. From that judgment this appeal is taken.

The assignments of error relate (1) to the admission of certain evidence in support of the offer to prove the agreement to pay a plumbing contractor to be selected by Mabel Utts for the alterations to be installed on the mortgaged premises, (2) the admission, over defendant's objection, of the conversation between Ralph M. Collins of plaintiffs, and defendant, in which defendant agreed to pay plaintiffs, the sum of $698, out of the proceeds of the mortgage, and (3) the refusal to enter judgment for defendant n. o. v.

As to the first two assignments of error appellant claims that in admitting the testimony referred to, it permitted the alteration of a written agreement by evidence of a subsequent parol agreement without any allegation of fraud, accident or mistake.

The appellant has confused the issue with an attempt to alter a written agreement by evidence of a prior or contemporaneous parol agreement.

Plaintiffs' claim is not based on the written contract between Mabel Utts and the defendant for the alterations to be made by the latter, nor did the evidence objected to operate to vary or alter said agreement. The action of plaintiffs is based on the right to recover money deposited with defendant by Mabel Utts for the use and benefit of plaintiffs. The written contract came into the case only collaterally, and in no manner affected plaintiffs' rights. The evidence objected to

was properly admitted: Alexander v. Righter, 240 Pa. 22, 25; Green v. Green, 255 Pa. 224; Hanauer v. National Surety Co., 279 Pa. 345; Davis v. Cauffiel, 287 Pa. 420.

The case of Gianni v. Russell & Co., 281 Pa. 320, relied upon by appellant, has in our opinion, no application, in view of what we have stated supra.

The remaining assignment of error, to-wit: the refusal to enter judgment n. o. v. in favor of defendant is based on the theory that the promise of defendant was to pay the debt of a third person, and not being in writing, was within the Statute of Frauds and therefore not enforceable.

The contract sued upon is the oral promise to pay the debt of another in consideration of property or funds received or to be received of the debtor for that purpose. Such a promise is not within the Statute of Frauds: Stoudt v. Hine, 45 Pa. 30; Maule v. Bucknell, 50 Pa. 39, 52; Nugent v. Wolfe, 111 Pa. 471, 480; Hall v. Lincoln Savings and Trust Company, 220 Pa. 485, 488; Burr v. Mazer, 2 Pa. Superior Ct. 436, 441; Howes v. McCrea, 21 Ibid. 592, 595; Buckwalter Stove Company v. Central Trust and Savings Company, 53 Ibid. 558, 565; Silberstein v. Bernstein, 58 Ibid. 375, 381; Shannon v. American Iron and Steel Manufacturing Company, 66 Ibid. 211, 215; Restatement of the Law of Contracts, Section 182 (a).

The verdict establishes the facts (1) that on or about October 8, 1927, appellant orally promised to pay to appellees the sum of $698 upon completion of their plumbing contract with the owner, out of the funds to be received by appellant from owner for that purpose and (2) in January, 1928, appellant orally promised to pay to appellees said sum upon completion of their plumbing contract with the owner out of the funds received on or about December 5, 1927 by appellant from the owner for that purpose.

It is not material under these circumstances whether appellant retained the moneys paid to him for the appellees. If he saw fit to disburse the amount for other purposes, in disregard of his promise to appellee, that was his own affair: Hall v. Lincoln Savings & Trust Co., 220 Pa. 485, 489.

Appellant cites the case of Shannon v. American Iron & Steel Mfg. Co., 66 Pa. Superior Ct. 211, 214, in support of the proposition that ''where one undertakes to enforce a verbal promise to answer for the debt or default of another if the original debt remains, it is necessary to show that his case is of a character that is recognized as exceptional.'' Quoting from the same case, p. 215, the court says: ''It is a recognized principle that the promise to pay the debt of another in consideration of property received or to be received of the debtor for that purpose is not within the statute. The promisor thereby makes the debt his own and incurs a primary liability.''

The principle governing this case is well stated in Browne on the Statute of Frauds, cited with approval in Stoudt v. Hine, 45 Pa. 30, 31: ''It is obvious—that an engagement in terms to apply the debtor's own funds received, or to be received by the defendant to the payment of the demand against him, creates a duty as agent rather than as surety; the defendant's promise is not to pay the debt, but merely to deliver certain property to the nominee of the original debtor, and the right of action of such nominee against the defendant for a breach of his promise is not at all affected by the statute of frauds.''

And this is true even if the liability of the original debtor continues. As stated in Hall v. Lincoln Savings and Trust Co., supra: ''In his discussion of the question in Maule v. Bucknell, 50 Pa. 39, Justice Strong (p. 52), points out that a promise to pay the debt of another is not within the statute of frauds,

even though liability of the original debtor continues, if the promisor has received a fund pledged, set apart or held for the payment of the debt.''

The case was well tried and fairly submitted. We find no error in the conclusions reached by the lower court.

The assignments of error are overruled and the judgment affirmed.